UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SHARON DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:13 CV 34 DDN |
| ) | |
| BUCKHORN RUBBER PRODUCTS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER OF REMAND TO STATE COURT

This action is before the court on the motion of Zhongding USA Hannibal, Inc. to dismiss.[1] (Doc. 8.) Plaintiff Sharon Davis and defendant Buckhorn Rubber Products, Inc., have consented to the exercise of plenary authority by the undersigned Magistrate Judge under 28 U.S.C. § 636(c). (Doc. 13.) The court heard oral argument on May 27, 2013.

## I. BACKGROUND

On February 21, 2013, plaintiff Sharon Davis commenced this action against defendant Buckhorn Rubber Products, Inc. in the Circuit Court of Marion County. (Doc. 6.) On April 12, 2013, Zhongding USA Hannibal, Inc. removed the action to this court under 28 U.S.C. § 1441(b), invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.)

---

[1] Although plaintiff named Buckhorn Rubber Products, Inc. as defendant in her complaint, counsel for Zhongding USA Hannibal, Inc. identifies Zhongding USA Hannibal, Inc. as the defendant. As of yet, no party has moved to amend the name of the defendant.

According to the complaint, the following occurred. From October 30, 1978 to May 4, 2012, defendant employed plaintiff as a trimmer and packer. (Id. at ¶ 9.) On October 27, 2010, plaintiff filed a worker's compensation claim for an injury which occurred during the course of employment in June 2010. (Id. at ¶¶ 10-11.) Since plaintiff filed the claim, defendant continuously harassed plaintiff by imposing duties that it did not impose on other employees. (Id. at ¶ 12.) Defendant questioned other employees about plaintiff's work. (Id. at ¶ 13.) Plaintiff's former counsel discussed the harassment with defendant. (Id. at ¶ 14.)

On April 28, 2012, plaintiff informed her employer that she would miss work that day due to illness. (Id. at ¶ 15.) On April 30, 2012, plaintiff returned to work. (Id. at ¶ 16.) On May 4, 2012, defendant terminated her allegedly due to her failure to present medical documentation for the illness that caused her to miss work. (Id. at ¶ 17.) Defendant had not previously required medical documentation for missing a single day of work. (Id. at ¶ 18.)

Prior to her termination, plaintiff had nearly qualified for retirement and pension benefits. (Id. at ¶ 23.) After her termination, plaintiff filed for unemployment benefits. (Id. at ¶ 20.) Although she qualified for such benefits, defendant denied them allegedly due to plaintiff's misconduct. (Id. at ¶ 21.)

In Count I, plaintiff alleges retaliation under Mo. Rev. Stat. § 213.070, the Missouri Human Rights Act (MHRA), arguing that defendant terminated her due to her claims for worker's compensation and unemployment benefits. (Id. at ¶¶ 10-28.) In Count II, plaintiff alleges intentional or reckless infliction of emotional distress. (Id. at ¶¶ 29-34.) Plaintiff seeks permanent injunctive relief, actual damages, punitive damages, attorney fees, and reasonable costs and fees. (Id. at 5-6.)

## II. MOTION TO DISMISS

Zhongding USA Hannibal, Inc. moves to dismiss (1) for lack of service of process on it; (2) for failure to state a claim, arguing that the MHRA provides no relief for plaintiff's retaliation claim as alleged; (3) for failure to state a claim for intentional

infliction of emotional distress due to failure to allege outrageous conduct or medically diagnosable physical harm; and (4) due to the Missouri's worker's compensation statute providing the exclusive remedy for plaintiff's intentional infliction of emotional distress claim. (Doc. 9.)

Counsel for Zhongding USA Hannibal, Inc. and counsel for plaintiff appeared at the motion hearing and discussed the motion to dismiss. Further, at the motion hearing, plaintiff's counsel withdrew the request for remand set out in the objection to removal.[2]

### III. DISCUSSION

As an initial matter, the court considers the consequences of the discrepancy between the named defendant, Buckhorn Rubber Products, Inc., and the movant, Zhongding USA Hannibal, Inc. According to Zhongding USA Hannibal, Inc., on October 30, 2009, Zhongding Sealing Parts (USA), Inc. purchased the assets of Buckhorn Rubber Products, Inc. (Doc. 9.) Since that time, Zhongding USA Hannibal, Inc. has operated the Hannibal facility as a wholly-owned subsidiary of Zhongding Sealing Parts (USA), Inc. under the trade name of Buckhorn Rubber Products. (Id.) The corporate records of the Missouri Secretary of State indicate that Buckhorn Rubber Products, Inc. and Zhongding USA Hannibal, Inc. are distinct corporate entities with separate registered agents, principal places of business, officers, and directors. Missouri Secretary of State, http://www.sos.mo.gov/business/corporations/ (last visited July 10, 2013).[3]

Zhongding USA Hannibal Inc. argues that plaintiff failed to serve process on it under Fed. R. Civ. P. 12(b)(5). "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d

---

[2] On May 10, 2013, plaintiff filed a document entitled "Response in Opposition to Notice of Removal" that requested that this court transfer the case back to the Circuit Court of Marion County. (Doc. 12.)

[3] The court takes judicial notice of these corporate records. See Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003) ("[Courts] may take judicial notice of public records and may thus consider them on a motion to dismiss.").

838, 843 (8th Cir. 1993). The record indicates that sending a copy of the summons and complaint to the registered agent of Buckhorn Rubber Products, Inc., located in Missouri, on March 8, 2013 constituted plaintiff's sole attempt at service of process. (Doc. 2-1 at 1.) "Since this event occurred prior to removal, we must determine whether it constituted sufficient service in accordance with the law of the jurisdiction in which the action was filed." Norsyn, Inc. v. Desai, 351 F.3d 825, 829 (8th Cir. 2003).

Under Missouri law, "[t]he registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process." Mo. Rev. Stat. § 351.594. The Missouri Supreme Court Rules state that parties may serve process on corporations:

> by delivering a copy of the summons and petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process.

Mo. Sup. Ct. R. 54.13(b)(3); 54.09; 54:14(b). Alternatively, parties may serve process by first class mail if, among other things, the served party completes and returns to the sender an acknowledgement form. Mo. Sup. Ct. R. 54.16.

Plaintiff served the registered agent of Buckhorn Rubber Products, Inc., who forwarded the summons and petition to Zhongding USA Hannibal, Inc. (Doc. 9 at 6.) Plaintiff satisfied the requirements for serving process on Buckhorn Rubber Products, Inc. However, with respect to Zhongding USA Hannibal, Inc., Missouri law does not authorize service of process in this manner. See Acapolon Corp. v. Ralston Purina Co., 827 S.W.2d 189, 196 (Mo. 1992) ("Satisfying minimum standards of due process, however, does not obviate the necessity of serving process in the manner prescribed in our statutes and rules."). Accordingly, this court lacks personal jurisdiction over Zhongding USA Hannibal, Inc. but retains personal jurisdiction over Buckhorn Rubber Products, Inc.

Although the court lacks personal jurisdiction over Zhongding USA Hannibal, Inc., the court declines to dismiss this action on the motion of Zhongding USA Hannibal,

Inc. In this matter, Zhongding USA Hannibal, Inc. has consented to magistrate judge jurisdiction, filed documents and motions, and appeared before the court for oral argument. However, plaintiff has not amended her complaint to include Zhongding USA Hannibal, Inc. nor has Zhongding USA Hannibal, Inc. been made a party to the action. Although the factual allegations contained in the complaint suggest that Zhongding USA Hannibal, Inc. is the proper defendant, the complaint does not name Zhongding USA Hannibal, Inc. as a defendant, and Zhongding USA Hannibal, Inc. has not been properly served. Because Zhongding USA Hannibal, Inc. is not a party to this suit, it lacks standing to move for dismissal. See Sunlust Pictures, LLC v. Cisa, 2012 WL 5187837, *3 (D. Colo. 2012); Commonwealth of Massachusetts v. U.S. Dep't of Health & Human Servs., 2010 WL 2509922, *1 (D. Mass. 2010); Kimes v. Lab. Corp. of Am., Inc., 2002 WL 31812919, *1 (M.D.N.C. 2002); Contrak, Inc. v. Paramount Enterprises Int'l, Inc., 201 F. Supp. 2d 846, 852-53 (N.D. Ill. 2002). Accordingly, Zhongding USA Hannibal, Inc.'s motion to dismiss is denied.

Nevertheless, the information contained in the aforementioned corporate records of the Missouri Secretary of State raises the issue of the court's subject matter jurisdiction over this action. "[A] court has a special obligation to consider whether it has subject matter jurisdiction in every case." Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011). Further, courts finding lack of subject matter jurisdiction must dismiss the claim. Fed. R. Civ. P. 12(h)(3). "28 U.S.C. § 1441(b) makes diversity jurisdiction in removal cases narrower than if the case were originally filed in federal court by the plaintiff." Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992). The removal provision states, "A civil action otherwise removable solely on the basis of [diversity jurisdiction] of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011); Hatridge v. Aetna Cas. & Sur.

Co., 415 F.2d 809, 814 (8th Cir. 1969) ("It is the situation at the time of removal which is determinative.").

The notice of removal alleges that that the court has diversity jurisdiction. (Doc. 2.) Plaintiff filed this action in Missouri state court. (Doc. 2-1.) For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Buckhorn Rubber Products, Inc.'s principal place of business and state of incorporation is Missouri, and plaintiff resides in Missouri. (Doc. 6 at ¶ 6); Missouri Secretary of State, http://www.sos.mo.gov/business/corporations/ (last visited July 10, 2013). Therefore, removal of this action fails under 28 U.S.C. § 1441(b)(2). Moreover, the court would lack subject matter jurisdiction to hear this action in its present state under 28 U.S.C. §§ 1331, 1332 even if plaintiff had originally filed in this court. (See Doc. 6.)

Accordingly, in compliance with 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"), the court remands this case to the Circuit Court of Marion County, Missouri for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the reasons state above,

**IT IS HEREBY ORDERED** that the motion of Zhongding USA Hannibal, Inc. to dismiss (Doc. 8) is denied as moot.

**IT IS FURTHER ORDERED** that this action is remanded to the Circuit Court of Marion County, Missouri.

    /S/   David D. Noce  
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 18, 2013.